IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § |
| Plaintiff, | § § |
| v. | §  CIVIL ACTION NO. _____ |
| | § |
| INSIGHT PERSONNEL GROUP, INC. and INSIGHT TECHNICAL CONTRACTING SERVICES, | § § § § |
| Defendants. | § § |

**UNITED STATES COURTS**
**SOUTHERN DISTRICT OF TEXAS**
**FILED**
**SEP 29 2000** AM
**Michael N. Milby, Clerk**

H-00-3417

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
OCT 6 2000
Michael N. Milby, Clerk

## CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission" or "EEOC") has filed a lawsuit which alleges that Defendants Insight Personnel Group, Inc. ("IPG"), and Insight Technical Contracting Services (collectively "Insight" or "Defendants") have engaged in unlawful employment practices in violation of the following statutes: Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(d); and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq. The lawsuit alleges that Insight failed or refused to recruit and refer individuals for employment because of their race, color, sex, national origin, age and disabilities. The lawsuit further alleges that Defendants failed to maintain and retain employment records as required by EEOC regulations and the ADEA.

Insight denies that it has violated Title VII, the ADA, or the ADEA, and denies all the allegations in this lawsuit. Insight denies any liability for the acts alleged in the EEOC's lawsuit.

The Commission and Insight solely for the purpose of avoiding the costs and other burdens of litigation, and without any admission whatsoever, have agreed to resolve their dispute on the terms stated in this Consent Decree. The parties stipulate to the jurisdiction of the Court and waive a hearing and the entry of findings of fact and conclusions of law.

In return for their mutual agreements expressed herein, Insight and the EEOC agree as follows:

### **Preamble**

IPG represents that it has closed its former business office. IPG has represented that, currently, it recruits primarily by utilizing the Internet. Candidates are occasionally brought to IPG's attention through referrals from other agencies or sources, through self-initiated contact with IPG, or IPG-initiated contact of qualified candidates who come to its attention through other means. Also, while Insight has not been adding candidates to its former database, it has on a few infrequent occasions identified former referrals from that database. IPG has agreed to provide EEOC an affidavit attesting to its current recruitment and placement practices which are summarized in the preceding sentences. The EEOC shall be advised if, during the term of this Decree, these practices substantially change. Because the EEOC's agreement to some of the non-monetary provisions in this Decree has been based upon the EEOC's understanding of IPG's current structure and practices, EEOC reserves the right – in the event that IPG's practices change substantially – to seek modification of this Decree's terms related to Insight's record-keeping and related responsibilities.

This Consent Decree, during the term in which it is in effect, shall apply to any commercial offices which Insight opens for the purpose of engaging in a personnel placement business. Nothing in this Consent Decree or in the injunction contained herein requires that Insight's owners remain in

business. Apart from their ownership of a placement business, none of the terms of this Consent Decree shall apply to the owners' activities. The provisions of this Decree apply to personnel referral and placement activities only, and not to the owners' activities as employers.

Should any employees or independent contractors – including Lisa Shambaugh and Bev Wappler – work for Insight during the time that this Decree is in effect, Insight shall provide them with a copy of the EEOC Amended Letter of Determination which was issued for EEOC Charge No. 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. Further, Insight shall explain to any such employees or independent contractors the terms of this Consent Decree and the injunction contained herein, and explain that it is both a violation of statutory law and Insight's policy to fail to refer a qualified applicant because of the applicant's status as a member of a group statutorily protected from discrimination.

## Terms

1. Insight shall not utilize any mechanism to determine, for a discriminatory purpose, a candidate's age, race, national origin or gender, nor will Insight instruct or knowingly permit any employees to screen applicants on any such basis.

2. Insight shall not disfavor any applicant by reason of his or her failure to include dates of employment on his or her resume. It is recognized that Insight has a non-discriminatory business need to obtain information from applicants concerning the length of time they have had particular jobs or responsibilities, the amount of education or training they have received, and the recency of such responsibilities or duties, education, or training. This Consent Decree does not prohibit such inquiries.

3. In the event that Insight enters data into its candidate database, Insight shall not record the race, national origin, gender, age or disability of the applicant, with the exceptions that Insight

may enter such information if it is contained on a resume, and that Insight may record these characteristics in the rare event that any of these characteristics would be a bona fide occupational qualification ("BFOQ") for a position. If an Insight client claims that any of these characteristics is a BFOQ, Insight shall retain documentation that a BFOQ has been claimed. Before making any subsequent referrals to a client claiming a BFOQ, Insight shall acknowledge the asserted BFOQ in written correspondence to the client. The correspondence referenced in this paragraph shall be provided to the Commission on a periodic basis, in accordance with the reporting obligations referenced in paragraph 13, infra.

4. Insight shall decline to refer applicants to any client who insists on a hiring preference based on race, and Insight shall decline to refer applicants to any client who insists on a non-BFOQ hiring preference based on national origin, age, gender or disability. Insight shall disregard any client's suggestion of an impermissible hiring preference, and Insight will refer candidates in a completely non-discriminatory manner should any such situation occur. Further, Insight will inform the client that Insight will refer, in a non-discriminatory manner, qualified candidates. Nothing in this paragraph shall prohibit Insight from engaging in outreach efforts designed to promote the referral of qualified minority candidates (e.g., pursuant to requests by a client for referral of qualified minority candidates), and Insight may consider the race, national origin, or gender of an applicant for the purposes of participating in such an outreach effort.

5. Insight shall not use any code words or phrases that are intended to connote race, national origin, gender, age or disability. This prohibition shall not apply to the recording of information of non-English language skills or information contained on a resume. However, Insight

-4-

shall make no presumptions of language fluency or capability by reason of a candidate's national origin, place of birth, or surname.

6. Insight shall provide to EEOC copies of any application and related forms that may be utilized during the term of this Consent Decree. No such forms shall solicit information about age, race, national origin, gender, religion or disability, unless Insight is required to do so by law or court order. IPG has represented it does not utilize applications or similar forms at this time.

7. Insight shall retain for two years – either in hard copy or on a zip drive or some combination of the two – the following: a) resumes of applications it considers for referral and job orders or similar descriptions of jobs for which it refers one or more candidates; b) transmittal communications forwarding resumes of candidates; and c) any documentation Insight receives concerning referred candidates. Insight will make these documents – organized in a rational manner – available to the EEOC every six months, in accordance with its reporting obligations listed in paragraph 13, infra. Additionally, Insight will specify how it retains resumes and applications, and will advise in its periodic reports of any changes in its method of retaining materials submitted by applicants.

8. In its advertisements, posters utilized at job fairs, and on its Internet web page, Insight shall use a tagline indicating that it is an equal opportunity agency.

9. Insight agrees to pay ONE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($175,000.00), exclusive of costs and expenses incurred in disbursing these funds (to be limited to the costs of generating checks and certified mail), to class members who have been identified by the EEOC as having been affected by the practices alleged in the lawsuit. The names of these individuals are reflected on the attached Exhibit A. The Commission will provide Insight with the

current addresses of the class members, who will ratably share the entire settlement fund. The allocation of each class member's share of the settlement fund will be determined by the EEOC and provided to Insight. The settlement checks will be sent to the class members by certified mail, and a copy of each will be sent promptly to the Commission, at the following address: Equal Employment Opportunity Commission, Attn: Jim Sacher, 1919 Smith Street, 7th Floor, Houston, Texas 77002. In the event that any claimants have died or are incompetent, their ratable share will be sent to their closest heir or guardian, and no such heir or guardian shall be required to obtain a bond or incur the expense of probate in order to receive the share. The EEOC shall notify Insight of the closest heir or guardian, and Insight shall have no liability to the deceased class member's estate or other heirs based on such method of payment. In the event that some class members' shares are unclaimed, the aggregate unclaimed amount will be dispersed in one of two ways. If the amount is less than $35,000, the amount may be contributed to a tax exempt organization, to be determined by agreement of the EEOC and Insight, whose activities include job or skills training for minorities or older workers. If the aggregate unclaimed amount is $35,000 or greater, it shall be distributed ratably to the participating claimants in an efficient manner to be determined by Insight. There shall be no withholding for taxes since there has not been an actual or prospective employment relationship between Insight and any class member. However, Insight will issue 1099-Forms to class members who accept payments from the settlement fund.

Insight shall deposit the $175,000 settlement amount into its legal counsel's client trust account or under some other escrow arrangement within 45 days of the Court's final approval of this Decree.

10. In exchange for the receipt of a share of the settlement funds described in the previous paragraph, each claimant shall execute a release, the full terms of which will be agreed upon by the parties. The release will include a provision stating that the claimant will be waiving "any and all claims based on discrimination because of race, national origin, gender, age, disability and religion (e.g., pursuant to Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Americans with Disabilities Act, and the Age Discrimination in Employment Act)." Execution and return of the release shall be a pre-condition to receipt of any payment from the settlement fund by each class member.

11. Notification to class members of the settlement and their right to participate in the settlement fund, with the release of claims for their execution and return, shall be mailed within 30 days, after final approval of this Decree, from the date the EEOC provides class members' names, addresses and individual shares of the settlement fund to Insight. Class members shall have 45 days, from mailing of the notice and release, to return the release of claims form properly executed. Any class member who fails to do so shall forfeit any entitlement to receive monies from the settlement fund. Provided, EEOC, at its discretion and expense, may attempt to locate class members for whom current last known addresses are no longer valid, and where such efforts are successful, may send second notices to such persons directing that they respond promptly if they desire to participate in the settlement fund. Payments to those class members who have properly executed and returned claims releases shall be mailed within 30 days of (i) the close of the 45 day response period or (ii) notification from the EEOC that it has concluded efforts to locate any missing class members, whichever is later.

12. In addition to the terms of the Consent Decree set forth above, the parties have agreed to the entry of an injunction, which shall remain in duration for three (3) years following the entry of this Decree, and which shall expire concurrently with the expiration of this Decree. Pursuant to this agreement of the parties, it is hereby ORDERED that Insight shall be enjoined from the following:

    a. Referring candidates to clients based on explicit requests that applicants be referred or not referred based on race, national origin, age or gender. Insight shall not be enjoined, however, from engaging in outreach efforts designed to promote the referral of qualified minority candidates (e.g., pursuant to a request by a client for referral of qualified minority candidates), provided that such outreach efforts do not serve to preclude the referral of any qualified individual, group or protected class;

    b. Making inquiries to determine, for discriminatory purposes, the race, national origin, age or gender of any applicant. Insight is not enjoined, however, from making inquiries regarding education, years of experience, training, or recency of experience or training, provided that such inquires are made for non-discriminatory purposes;

    c. Making any record of the race, national origin, age or gender of any applicant for any discriminatory purpose. It will not be inferred that Insight has been motivated by a discriminatory purpose because it has referred to a candidate by titles or pronouns such as "Mr.," "Ms.," "he," "she," etc.;

  d. Advising any client of the race, national origin, or age of any applicant for a discriminatory purpose; and

  e. Utilizing any screening device or making any record with the intent of discriminating against applicants based on race, national origin, age or gender. Such impermissible screening devices would include making a record of the applicant's membership in an organization such as the NAACP or LULAC whose membership is reasonably believed to consist predominantly of individuals of a particular race or national origin. Nothing in this paragraph, however, shall prevent Insight from recording or disclosing information contained on an applicant's resume, or information which was otherwise voluntarily disclosed by an applicant.

The injunction does not prohibit Insight from providing job-related information to a client with regard to an applicant or any other action not prohibited by law.

  13. This Decree shall remain in effect for three (3) years from the date of signing. During those years, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be necessary or appropriate. Insight will provide to the EEOC, on a semi-annual basis, reports of its compliance with the terms of this Consent Decree. The first such report shall be due three (3) months after the date of entry of this Decree. Reports pursuant to this Decree will certify Insight's compliance with the specific provisions of the Decree, and will include copies of documentation related to Insight's compliance. (This does not contemplate that Insight will be required to submit voluminous documentation as part of the reporting obligation. Insight will make available for inspection by EEOC, however, those records

required to be maintained and which EEOC reasonably needs access to monitor compliance with this Decree.)

14. If the Commission believes that Insight has violated this Consent Decree or any requirement contained herein by engaging in a material breach, it may move for an appropriate order for the enforcement of this Decree. Such action by EEOC may include a request for a contempt proceeding if Insight is alleged to have materially breached the injunctive provisions of this Decree. Prior to seeking the Court's assistance in ensuring compliance with the terms of this Decree, the EEOC shall give notice, in writing, to Insight, specifying the particular provision that allegedly has been materially breached. Upon receipt of such written notice, Insight shall have twenty-one (21) days to respond in writing to explain or cure the alleged material breach. Should the EEOC thereafter determine that the matter cannot be resolved or that the parties' good faith efforts to resolve the matter have failed, the EEOC may proceed immediately in the manner stated above. Any such enforcement action which the EEOC may file with the Court shall be served on Insight concurrently with its filing.

15. Except under extraordinary circumstances, and only after advance notice disclosing those circumstances and a reasonable opportunity for Insight to respond, the Commission shall not contact Insight's clients or placed applicants for purposes of monitoring Insight's compliance with the terms of this Decree. Insight shall have the right to petition the Court for relief in the event it believes the Commission is about to contact or has contacted its clients or placed applicants without justification. Neither the EEOC nor Insight shall be entitled to an award of attorneys' fees or costs associated with any proceeding under this paragraph 15.

-10-

16.     Nothing herein shall constitute an admission of, or evidence of, any violation of law or liability to any person on the part of Insight.

17.     This Consent Decree is entered in full and complete settlement of any and all claims arising out of or contained in this lawsuit, Civil Action No. H-00-_____, and in EEOC Charge No. 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, and as such shall constitute a final adjudication of all matters which have been or could have been raised therein as between Insight, EEOC, and the putative class members.  The EEOC having initiated this proceeding and the underlying Commissioner's charge, and having concluded that final resolution by entry of this Decree of all matters raised thereunder will best further the policies of the statutes involved, approval of this Decree shall extinguish any collateral rights of all class members or others arising from or based on the above-referenced charge or litigation, regardless of whether any such person receives monies from the settlement fund.

18.     This Decree, and Insight's obligations thereunder, shall expire three (3) years from date of signing without further action by the EEOC and Insight or further order of the Court.

19.     No action required or permitted under this Decree shall constitute any violation of law or duty to any person.

20.     The parties shall bear their own costs and attorney's fees.

WHEREFORE, having duly considered the parties' joint motion for entry of this Consent Decree, the Court ORDERS that the foregoing is APPROVED in all respects and shall be ENTERED as the ORDER of this Court and as a Final Judgment in this action.

-11-

Signed on this __5__ day of __Oct_____ 2000.

_____
UNITED STATES DISTRICT JUDGE

Agreed for Substance and Form:


_____
James Sacher
Attorney for Equal Employment
Opportunity Commission


_____
W. Carl Jordan
Attorney for Insight Personnel Group, Inc.
and Insight Technical Contracting Services

Houston.291630 1

-12-